# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KONSTANTIN G. BULDAKOV,

Petitioner,

v.

A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,

Respondent.

NO. C09-1409-JLR-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On October 6, 2009, petitioner Konstantin G. Buldakov filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. No. 6.) He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. The government argues that petitioner's habeas petition should be dismissed as moot, because on December 18, 2009, petitioner received a bond hearing before an Immigration Judge and bond was set at $20,000. (Dkt. No. 18.) The government asserts that because petitioner has been accorded all of the relief sought in his habeas petition, his petition is now moot and should be dismissed. *Id*.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be granted, and this matter be dismissed as moot.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Russia, who was admitted to the United States on June 19, 2005, as a non-immigrant with authorization to remain in the United States for a temporary period not to exceed October 9, 2005. Administrative Record ("AR") at R207, L8. Petitioner was subsequently granted an extension to remain in the United States until February 28, 2006. (AR R5.)

On March 13, 2009, petitioner was arrested by the U.S. Department of Homeland Security ("DHS") and served with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal pursuant to INA § 237(a)(1)B), for remaining in the United States beyond February 28, 2006, without authorization. (AR L3, L7-8.) After his arrest, ICE made an initial custody decision to release petitioner on bond in the amount of $20,000. (AR L4.) Petitioner requested and received a bond redetermination hearing on March 20, 2009, before an Immigration Judge ("IJ"), who reduced petitioner's bond amount to $5,000. (AR L19.) Petitioner posted bond and was released. On June 9, 2009, petitioner failed to appear for removal proceedings and was ordered removed *in absentia*. (AR L32.)

On June 27, 2009, ICE cancelled petitioner's immigration bond, and ordered the obligor to surrender petitioner on July 27, 2009. (AR R94-98.) On July 27, 2009, the obligor delivered petitioner to ICE, who took him into custody and transported him to the Northwest Detention Center where he remains detained. (AR R98.)

On July 29, 2009, petitioner filed a motion to reopen his removal proceedings with the Immigration Court. (AR L40-45.) On August 19, 2009, the IJ denied the motion, and

REPORT AND RECOMMENDATION - 2

petitioner filed a motion to reconsider, which the IJ also denied on September 4, 2009. (AR L73-75, L106-108.)

On September 11, 2009, petitioner filed an appeal of the IJ's removal order to the Board of Immigration Appeals ("BIA"), along with a request for stay of removal. (AR L98.) On September 14, 2009, the BIA denied petitioner's request for a stay of removal pending consideration of his appeal. (AR L101.) On September 14, 2009, petitioner filed a petition for review of his removal order with the Ninth Circuit Court of Appeals, along with a request for stay of removal. (AR L104.) *See also Buldakov v. Holder*, No. 09-72927 (9th Cir. 2009). Pursuant to Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue.

On September 14, 2009, the Consulate General of Russia issued a travel document for petitioner's removal from the United States on September 15, 2009. (AR R147-49.) However, petitioner's removal was cancelled due to the Ninth Circuit stay. (AR R174A.)

While petitioner's petition for review was pending and in accordance with *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008), ICE arranged for petitioner to have a bond hearing before an IJ. (Dkt. No. 11 at 1.) However, on December 7, 2009, petitioner voluntarily dismissed his petition for review prior to the bond hearing, lifting the stay of removal. *See Buldakov v. Holder*, No. 09-72927 (9th Cir. 2009). As a result, on December 9, 2009, the IJ determined that he did not have jurisdiction to grant bond pursuant to INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). (Dkt. No. 16.)

On December 11, 2009, petitioner filed a new petition for review with the Ninth Circuit, challenging his underlying removal order, resulting in an automatic stay of removal. *See Buldakov v. Holder*, No, 09-73904 (9th Cir. 2009). As a result, in accordance with *Prieto-*

REPORT AND RECOMMENDATION - 3

*Romero*, petitioner received another bond hearing on December 18, 2009, before an IJ who granted petitioner release on bond in the amount of $20,000. (Dkt. No. 19.)

## III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id*. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.

Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the 90 day removal period, continued detention is required. INA § 241(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6). The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

REPORT AND RECOMMENDATION - 4

>   (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236(a) until the court renders its decision. *See Prieto-Romero*, 534 F.3d at 1059.

In *Prieto-Romero*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge. *Prieto-Romero*, 534 F.3d at 1053. The Ninth Circuit determined that even though an alien's continued detention is authorized by INA § 236(a), "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. 678, 690-91 (2001)). The Court thus held that an alien has the right to contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA. *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. § 236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)(holding that "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to community at large, likely to abscond, or otherwise a poor bail risk.")).

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. *See Buldakov*, No. 09-73904. Because his removal order has been stayed by the Ninth Circuit pending its review of the BIA's decision, the removal period has not yet begun and INA § 236(a) still applies. *See id.* Petitioner requests that the Court

order that he be "released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Courts and the Ninth Circuit." (Dkt. No. 17 at 2.) Respondent contends that petitioner's habeas petition is now moot because he has already been granted the relief sought. (Dkt. No. 10.) The Court agrees with respondent.

As respondent asserts, the record shows that on December 18, 2009, petitioner was provided an individualized bond hearing before an Immigration Judge where he was given the opportunity to present evidence in support of his release pursuant to the holding in *Prieto-Romero*, 534 F.3d 1053 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing). (Dkt. No. 19.) Because petitioner has received all of the relief sought in his habeas petition, petitioner's habeas petition is now moot and should be dismissed.

## IV.　CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of January, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge